UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **PATRICK W.**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 3:24-cv-02094-GCS** |
| | ) | |
| **COMMISSIONER of SOCIAL SECURITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2]

## PROCEDURAL HISTORY

On January 13, 2022, Plaintiff filed an application for DIB alleging a disability onset date of November 1, 2020. (Tr. 218, 221). On January 19, 2022, Plaintiff filed an application for SSI alleging a disability onset date of January 13, 2022. (Tr. 228). After Plaintiff's initial applications and requests for reconsideration were denied, an Administrative Law Judge

[1] Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 10).

("ALJ") held a hearing on December 11, 2023. (Tr. 39). The ALJ denied the application on April 11, 2024. (Tr. 15-31). On July 2, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## Issues Raised by Plaintiff

Plaintiff raises the following issues:

1. The ALJ erred by failing to properly evaluate medical opinion evidence.

2. The ALJ erred by failing to properly evaluate Plaintiff's testimony about his pain.

## Applicable Legal Standards

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have

a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken

into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). While judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

**THE DECISION OF THE ALJ**

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff met the insured status requirements through June 30, 2024, and that Plaintiff had not worked at the level of substantial gainful activity since his alleged DIB onset date of November 1, 2020. (Tr. 17). The ALJ found that Plaintiff had the following severe impairments: depression; bipolar disorder; obesity; fibromyalgia; and status-post remote traumatic brain injury (TBI) with concussion and ongoing migraines. *Id.* The ALJ found Plaintiff had the residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and frequently stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to greater than Code 3 moderate noise level and fumes and odors, such as petroleum gear lubes and hydraulic fluids products. He should have no exposure to hazards as defined in the Selected Characteristics of Occupations. He can understand, remember, and carry out simple instructions. He can use judgment to make simple work-related decisions. He cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. Once the work is assigned, it should be performed primarily without working in coordination with the other employees. He can tolerate occasional interaction with the public, coworkers, and supervisors.

(Tr. 21). Thus, the ALJ found Plaintiff was not disabled. (Tr. 30).

## The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record in his decision, when compared with the points raised by Plaintiff, is sufficiently comprehensive. There is no need to summarize it here.

## Discussion

The Court turns first to the ALJ's evaluation of the credibility of Plaintiff's testimony. Plaintiff argues that the ALJ improperly discredited his testimony about the pain that he suffered. (Doc. 19-1, p. 6-7).

The ALJ is "in the best position to determine a witness's truthfulness and forthrightness . . . [and thus, the] court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310–311 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–505 (7th Cir. 2004)). But, when the credibility determination rests on "objective factors or fundamental implausibilities rather than subjective considerations [such as a claimant's demeanor], appellate courts have greater freedom to review the ALJ's decision." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). When making the credibility determination, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013); SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016)

(superseding SSR 96-7p).[3] Additionally, while an ALJ is not required to provide a complete written evaluation of every piece of testimony and evidence, reversal and remand is required where the ALJ "provides nothing more than a superficial analysis[.]" *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). As such, an ALJ cannot simply state that an individual's allegations have been considered or that the individual's allegations are not credible. Rather, the ALJ must "give[] specific reasons for [a credibility] finding, supported by substantial evidence." *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009).

The process for evaluating a claimant's symptoms is organized around two major steps. First, the claimant must provide objective medical evidence of a medically determinable impairment or combination of impairments that reasonably could be expected to produce the alleged symptoms. *See* 20 C.F.R. § 404.1529(a)-(b). Second, after the claimant satisfies the first step, the ALJ must then evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *See* 20 C.F.R. § 404.1529(c). In evaluating allegations of pain, adjudicators are directed to consider

[3] SSR 96-7p referred to a claimant's "credibility," but SSR 16-3p removed that term to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at * 1 (Mar. 16, 2016). Instead, ALJs are reminded to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that an individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," as consistent with the regulations. *Id*. Under either SSR version, the outcome of this case would be the same.

whether the symptoms are "consistent with the objective medical [evidence] and other evidence in the individual's record." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). *See also* 20 C.F.R. § 404.1529(a) (explaining that the agency considers both "objective medical evidence and other evidence" in evaluating whether an impairment affects activities of daily living and the ability to work).

Objective medical evidence is merely one factor to be considered, and an ALJ is not free to "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016). Other factors that the ALJ should examine include "daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (quoting 20 C.F.R. § 404.1529(c)(2)-(4)). An ALJ may not disregard subjective complaints "solely because they are not substantiated by objective medical evidence." *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015); *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (quoting *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)). *See also Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (stating that "[p]ain is always subjective in the sense of being experienced in the brain."). "[P]ain alone can be disabling . . . [therefore] [t]estimony of severe pain cannot be disregarded simply because it is not supported by objective medical evidence." *Stark v. Colvin*, 813 F.3d 684, 688 (7th

Cir. 2016). An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Plaintiff raises several alleged errors in relation to the ALJ's evaluation of his subjective testimony, but his first alleged error is dispositive. Plaintiff claims that the ALJ erred by saying that he considered Plaintiff's imaging and exam findings as a whole without citing to specific inconsistencies between the findings and Plaintiff's subjective allegations. The Court agrees.

After summarizing Plaintiff's testimony, the ALJ wrote the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 23). The same pattern, and similar language, appears in relation to the evaluation of the objective medical evidence. *Id.* at p. 23-26, 26-28. The Court notes that the language of the ALJ's conclusions is very similar to the "template" language that the Seventh Circuit has roundly criticized because it "fails to inform [courts] in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that a claimant's complaints were not credible." *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (quotation omitted). While the use of this language does not automatically equate to error, the ALJ

must "otherwise point to information that justifies his credibility determination." *Pepper*, 712 F.3d at 367-368. The ALJ did not do so here.

Although the ALJ summarized the evidence and announced a conclusion, he did not articulate any type of reasoning connecting the two. For instance, in relation to Plaintiff's medical records, the ALJ produced summaries of a dozen different doctor's visits over more than three years with five doctors. (Tr. 23-25). Then he said that this evidence, "considered as a whole," was not entirely consistent with Plaintiff's testimony. *Id.* at p. 26. Without any discussion of what specific evidence the ALJ relied on and what evidence he discounted, what weight the ALJ afforded to that evidence, or how it contradicted Plaintiff's testimony, the Court is unable to meaningfully review the decision. Because the ALJ's decision does not build a logical bridge between the evidence and the conclusion that the ALJ reached, the ALJ erred and remand is required.

Because the Court finds that remand is required on the basis of the ALJ's failure to minimally articulate his reasoning, it does not reach the remainder of Plaintiff's alleged errors.

## CONCLUSION

The Commissioner's final decision denying Plaintiff's application for supplemental security income is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: September 30, 2026.**

Gilbert C. Sison

Digitally signed by Judge Sison
Date: 2026.09.30 15:27:55 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**